THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SOUNDVIEW INSURANCE AGENCY, INC., and TONI CONTI,<br><br>Plaintiffs,<br><br>v.<br><br>BERJAC OF PORTLAND,<br><br>Defendant. | Case No. C09-0291-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's Motion for Partial Summary Judgment Dismissing Consumer Protection Act Claim (Dkt. No. 13), Plaintiffs' Opposition (Dkt. No. 21), and Defendant's Reply (Dkt. No. 24). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

Berjac of Portland is a company that provides financing for insurance premiums. Soundview Insurance Agency approached Berjac on behalf of Premier Avia and Pacific Western, two companies that provided gate and baggage services to airlines at airports throughout the western United States (Mot. 2 (Dkt. No. 13).) Berjac began financing the

ORDER
PAGE - 1

baggage companies' premiums in 2003. (Opp'n 3 (Dkt. No. 21).) The companies entered a period of financial difficulty, which lead to a default on their financial obligations to Berjac in 2005. (Mot. 3 (Dkt. No. 13).) After obtaining a security interest in equipment in addition to its standard financing agreement, Berjac continued to finance the companies' premiums until 2008, when after a number of further financial defaults, Berjac finally ceased providing financing to the baggage companies. (Mot. 2 (Dkt. No. 13).)

Unable to collect an outstanding debt of approximately half a million dollars from the baggage companies, Berjac attempted to recover the amount from Soundview, alleging that certain warranties and representations made by Soundview created an obligation to repay the shortfall. (Mot. 3 (Dkt. No. 13).) Berjac sent a letter to Soundview's principal, Tony Conti, threatening legal action in Oregon. (Opp'n 5 (Dkt. No. 21).) In response, Soundview filed a suit in Snohomish County Superior Court seeking declaratory relief and asserting a claim under Washington's Consumer Protection Act ("CPA"). Berjac removed the suit to this Court, pursuant to the Court's diversity jurisdiction, and now moves for summary judgment dismissal of the CPA claim. (*Id.* at 5-6.)

## II. APPLICABLE LAW

Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. DISCUSSION

To prevail in a suit alleging a violation of the CPA (WASH. REV. CODE § 19.86.020), the Plaintiff "must show (1) an unfair or deceptive act or practice, (2) in trade or commerce, (3) that impacts the public interest, (4) which causes injury to the party in his business or property, and (5) which injury is causally linked to the unfair or deceptive act." *Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc*, 170 P.3d 10, 17 (Wash. 2007). A plaintiff must establish each of these distinct elements in order to prevail. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986).

Soundview alleges two unfair or deceptive acts or practices under the CPA. First, Berjac threatened litigation. (Opp'n 9 (Dkt. No. 21).) Second, Berjac "never disclosed to Soundview that it intended for [the contract] to obligate Soundview to pay any outstanding premiums in the event the insureds default." (*Id.* at 10.) Soundview's claims fail to establish the barest trace of material fact.

This is a dispute over a contract entered into at arms' length by sophisticated commercial parties. The dispute, as countless commercial disputes are, was accompanied by threats of litigation. It is inconceivable that a party might have a claim for unfair or deceptive acts or practices every time an opponent expressed a disagreement over contractual interpretation, or resorted to the courts to settle a dispute. Soundview offers no authority or evidence for the contention that these two commonplace aspects of business negotiation are unfair or deceptive, and has failed to demonstrate a genuine issue of material fact.

//

//

ORDER
PAGE - 3

## IV. CONCLUSION

For the foregoing reasons, Berjac's motion (Dkt. No. 13) is GRANTED.

DATED this 2nd day of March, 2010.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 4